# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TANVIRA MOMIN, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> V. ) <br> ) <br> TBI AIRPORT MANAGEMENT, ) <br> INC. ) <br> ) <br> DEFENDANT. ) <br> ) | Civil Action No.: <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Tanvira Momin ("Plaintiff"), by and through the undersigned attorney, respectfully submits the following Complaint:

## INTRODUCTION

1. Plaintiff is a former employee of TBI Airport Management, Inc. (hereinafter referred to as "Defendant"). Plaintiff brings this action against Defendant for retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

2. Plaintiff is a resident of the state of Georgia and submits herself to the jurisdiction of the Court.

1

3. Defendant TBI Airport Management, Inc. is a Foreign Profit Corporation with its principal place of business located at 2001 Red Cleveland Blvd., Suite 2219, Sanford, Florida 32773.

4. Defendant may be served with process through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5. At all relevant times, Defendant was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1343(a).

7. Pursuant to 28 U.S.C. § 1391, venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division and Defendant is located in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant from on or about April 24, 2018 until October 28, 2022 as an Interpreter at the Hartsfield-Jackson Atlanta International Airport.

9. As an Interpreter, Plaintiff was paid an hourly rate of $17.68 or $18.30 if she worked in the evening.

10. Plaintiff would clock-in in the breakroom when working as an Interpreter.

11. On or about October 22, 2022, Plaintiff was told by her Supervisor, Larry Burkhead, that she needed to work for a third-party subcontractor of Defendant, NMLS Company.

12. It was well known at the Company that if Defendant asked you to work for NMLS Company, you would not be paid for the work. In fact, there was no way for employees to clock-in when working for NMLS Company.

13. As a result, when Mr. Burkhead told Plaintiff that she would need to work for NMLS Company, Plaintiff asked Mr. Burkhead if she would be getting paid for the work.

14. Mr. Burkhead responded that she had to go there.

15. When Plaintiff refused to do work without pay, she was terminated from the Company for alleged violations of Company policy—i.e. refusing to work without any compensation whatsoever.

## COUNT I
## RETALIATION IN VIOLATION OF THE FLSA

16. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

17. Plaintiff asserts this count pursuant to 29 U.S.C. § 215(a)(3).

18. On or about October 22, 2022, Plaintiff raised a complaint to her supervisor regarding not getting paid to work for a third-party contractor.

19. Following this complaint, Plaintiff's employment was abruptly terminated for alleged violations of Company policy—i.e. refusing to work without any compensation whatsoever.

20. Plaintiff's termination was in retaliation for her engaging in activity protected by the FLSA.

21. As a direct and proximate result of these unlawful practices Plaintiff seeks back pay and lost benefits, front pay, compensatory damages, liquidated damages, pre-and post- judgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a) A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

(b) An award of back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(c) An award of compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(d) An award of front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(e) An award of liquidated damages;

(f) An award of pre-and post- judgment interest;

(g) An award of costs and expenses of this action, including reasonable attorney's and expert fees; and

(h) Such other relief as this Court deems just and proper.

Respectfully submitted, this 20th day of December, 2022.

> *s/ Jackie Lee*
> Jackie Lee
> Georgia Bar No. 419196
> jackie@leelawga.com
> LEE LAW FIRM, LLC
> 695 Pylant Street N.E., #105
> Atlanta, Georgia 30306
> Telephone: (404) 301-8973
>
> **COUNSEL FOR PLAINTIFF**